# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>INT. ASSOC. OF SHEET METAL, AIR, RAIL & TRANSPORTATION WORKERS, TRANSPORTATION DIV., LOCAL 1594, [1]<br><br>Debtor. | Chapter 11<br><br>Case No. 23-11777 (mdc) |

## DEBTOR'S MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS AUTHORIZING THE DEBTOR TO PAY PREPETITION WAGES AND OTHER COMPENSATION

The above-captioned debtor and debtor-in-possession (the "Debtor") files this *Motion for Interim and Final Orders Authorizing the Debtor to Pay Prepetition Salaries and Other Compensation* (the "Motion") and in support thereof respectfully states as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3. On the date hereof (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

4. As of the date hereof, an official committee of unsecured creditors has not been appointed in this case. The Debtor continues to operate its business and manage its property as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee,

---

[1] If applicable, the last four digits of the taxpayer identification number of the Debtor is 6853 and the Debtor's address is 6938 Market Street, Second Floor, Suite 3, Upper Darby, PA 19082.

examiner, or statutory committee has been appointed in this chapter 11 case (this "Chapter 11 Case").

## THE DEBTOR'S WORKFORCE

5. The Debtor employs seven (7) hourly individuals (collectively, the "Employees"). The Employees perform a wide variety of functions critical to the Debtor's operations. Their skills, knowledge, and understanding of the Debtor's operations are essential to preserving operational stability and efficiency.

6. The Debtor administers payroll and payroll-related taxes, including employer-paid taxes (collectively, the "Wages") and makes disbursements to Employees monthly.

7. The Debtor is scheduled to issue payroll on June 27, 2023 for the month of June. Only two (2) of the Debtor's Employees will be owed wages for the time period from June 1, 2023 through the Petition Date: Anthony Petty (General Chairman) will be owed $267.20, and Cynthia Kelly (Secretary/Treasurer) will be owed $267.20.

## RELIEF REQUESTED

8. To minimize personal hardship to the Employees and facilitate their willingness and ability to assist in the Debtor's restructuring, the Debtor is seeking authority to continue to pay the Wages.

9. Subject to the Court's approval of the relief requested herein, the Debtor intends to continue providing Wages in the ordinary course of business on a postpetition basis and to pay amounts (if any) related thereto. To the extent applicable, the Debtor also requests authority to implement new programs, policies, and benefits in the ordinary course of business during this Chapter 11 Case and without the need for further Court approval, subject to applicable law.

10. Further, the Debtor requests that the Court authorize and direct all applicable banks and financial institutions (the "Banks") to receive, process, honor, and pay all checks issued

or to be issued and electronic funds transfers requested or to be requested relating to Employee Compensation.

## EMPLOYEE COMPENSATION

### I. Compensation

#### A. Employees' Salaries

11. Wages are paid to the Employees monthly on an hourly basis. The Debtor seeks authority to continue making these payments, and thus to continue to provide its Employees' salaries, in the ordinary course of business, on a postpetition basis.

#### B. Expense Reimbursements

12. The Debtor has historically provided Expense Reimbursements related to, among other things, travel, lodging, ground transportation, meals, and other reasonable and documented business-related expenses. The Debtor seeks authority to honor any outstanding prepetition Expense Reimbursements in the ordinary course of business, consistent with past practice, and to continue paying any such obligations related thereto in the ordinary course of business on a postpetition basis.

## BASIS FOR RELIEF

### I. Sufficient Cause Exists to Authorize the Debtor to Honor the Employee Compensation under Section 507 of the Bankruptcy Code

13. Cause exists under Sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code. Under section 507(a)(4)(A) of the Bankruptcy Code, claims of employees against a debtor for "wages, salaries, or commissions, including vacation, severance, and sick leave pay" that are "earned within 180 days before" the date on which a debtor's chapter 11 case is commenced are afforded priority status up to $13,650 per individual. Similarly, section 507(a)(5) of the Bankruptcy Code provides that employees' claims for contributions to certain employee benefit

plans are also afforded priority status to the extent of $13,650 covered by such plans on a per-employee basis, less any amount paid pursuant to section 507(a)(4) of the Bankruptcy Code. None of the Employees have claims above the $13,650 that is afforded priority status.

14.     As the Wages constitute priority claims under sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code, the claims must be paid in full before any general unsecured claims are satisfied. In addition, the 401(k) plan obligations may give rise to priority claim status under section 507(a)(8) of the Bankruptcy Code. Thus, granting the relief sought herein should only affect the timing of certain payments made to the Employees and should not negatively affect recoveries for general unsecured creditors. Indeed, the Debtor submits that payment of the Wages is the only way to maintain going concern value, significantly enhance value for the potential benefit of all parties.

## II.     Payment of the Employee Compensation Is Proper Pursuant to Section 363(b) of the Bankruptcy Code

15.     Section 363(b)(1) of the Bankruptcy Code provides that "[t]he [debtor], after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." Courts in this District, and others, have granted a request to use property outside of the ordinary course of business upon a finding that such use is supported by sound business reasons. See, e.g. In re Ionosphere Clubs, Inc., 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) (section 363(b) gives the court "broad flexibility" to make payments outside of ordinary course of business as long as the debtor articulates a business justification); Dai-Ichi Kangyo Bank, Ltd. v. Montgomery Ward Holding Corp. (In re Montgomery Ward Holding Corp.), 242 B.R. 147, 153 (D. Del. 1999) ("In determining whether to authorize the use, sale or lease of property of the estate under [section 363(b)], courts require the debtor to show that a sound business purpose justifies such actions."); In re Cona Air Lines, Inc., 780 F.2d 1223, 1226 (5th Cir. 1986)

("there must be some articulated business justification for using, selling, or leasing the property outside the ordinary course of business"); see also In re Phoenix Steel Corp., 82 B.R. 334, 335-36 (Bankr. D. Del. 1987); In re Adelphia Commc'ns Corp., No. 02-41729 (REG), 2003 WL 22316543, at *30 (Bankr. S.D.N.Y. Mar. 4, 2003); Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.), 722 F.2d 1063, 1070 (2d Cir. 1983).  Moreover, "[w]here the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct." Comm. of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns-Manville Corp.), 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986) (citation omitted); see also Stanziale v. Nachtomi (In re Tower Air, Inc.), 416 F.3d 229, 238 (3d Cir. 2005) ("Overcoming the presumptions of the business judgment rule on the merits is a near-Herculean task").

16.     Here, a business justification exists.  The Employees provide the Debtor with services necessary to conduct the Debtor's business, and the Debtor believes that absent the payment of the Wages owed to the Employees, the Debtor may experience Employee turnover and instability at this critical time.

17.     Bankruptcy courts in and out of this District routinely approve payment of prepetition claims for compensation, benefits, and expense reimbursements similar to those described herein.  See, e.g., In re The Wet Seal, Inc., Case No. 15-10081 (CSS) (Bankr. D. Del. Jan. 20, 2015) (Docket No. 96); In re Deb Stores Holding LLC, et al., No. 14-12676 (MFW) (Bankr. D. Del. Dec. 5, 2014) (Docket No. 50); In re Unitek Global Services, Inc., et al., No. 14-12471 (PJW) (Bankr. D. Del. Nov. 4, 2014) (Docket No. 64); In re dELiA*s, Inc., et al., No. 14-23678 (RDD) (Bankr. S.D.N.Y. Dec. 10, 2014) (Docket No. 49).[2]

---

[2]   Copies of these orders are available upon request but have not been included because they are too voluminous.

18. Accordingly, the Debtor requests authority to pay and continue the Employee Compensation, in the ordinary course of business consistent with past practice.

## WAIVER OF BANKRUPTCY RULE 6004(A) AND 6004(H)

19. To implement the foregoing successfully, the Debtor seeks a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

## RESERVATION OF RIGHTS

20. Nothing contained herein is intended or shall be construed as: (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of the Debtor's or any other party in interest's rights to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay a prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Debtor's or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

## NO PRIOR REQUEST

21. No prior request for the relief sought in this Motion has been made to this or any other court.

## IMMEDIATE RELIEF IS NECESSARY

22. Bankruptcy Rule 6003 Provides that the relief requested in this Motion may be granted if the "relief is necessary to avoid immediate and irreparable harm." Fed. R. Bankr. P. 6003. The Debtor submits that for the reasons already stated herein, the relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtor.

**NOTICE**

23. Notice of this Motion has been provided by e-mail or overnight delivery to: (a) the Office of the United States Trustee for the Eastern District of Pennsylvania; (b) the Debtor's 20 largest unsecured creditors; (c) the Debtor's secured creditors, if any; (d) those persons who have formally appeared in this Chapter 11 Case and requested service pursuant to Bankruptcy Rule 2002; and (e) all applicable government agencies to the extent required by the Bankruptcy Rules and the Bankruptcy Local Rules for the Eastern District of Pennsylvania.

WHEREFORE, the Debtor respectfully requests that the Court (i) enter interim and final orders, substantially in the forms attached as <u>Exhibits A</u> and <u>B</u>, granting the relief requested herein; and (ii) grant such other relief as necessary.

Respectfully submitted,

Dated: June 16, 2023    GELLERT SCALI BUSENKELL & BROWN, LLC

<u>/s/ Holly S. Miller</u>
Holly S. Miller (PA 203979)
8 Penn Center
1628 John F. Kennedy Blvd., Suite 1901
Philadelphia, PA 19103
Telephone: (215) 238-0012
Facsimile: (215) 238-0016
hsmiller@gsbblaw.com

*Proposed Counsel to the Debtor*