# **Exhibit B**

Final Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>INT. ASSOC. OF SHEET METAL, AIR, RAIL & TRANSPORTATION WORKERS, TRANSPORTATION DIV., LOCAL 1594, [1]<br><br>Debtor. | Chapter 11<br><br>Case No. 23-11777 (mdc) |

**FINAL ORDER AUTHORIZING THE DEBTOR TO PAY PREPETITION SALARIES
AND OTHER COMPENSATION**

Upon the motion (the "Motion")[2] of the above-captioned debtor (the "Debtor") for entry of an order (this "Order") authorizing the Debtor to pay prepetition salaries and other compensation, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, equity holders, and other parties in interest; and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and

---

[1] If applicable, the last four digits of the taxpayer identification number of the Debtor is 6853 and the Debtor's address is 6938 Market Street, Second Floor, Suite 3, Upper Darby, PA 19082.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, **IT IS ORDERED** that:

1. The Motion is **GRANTED**, on final basis, as set forth herein.

2. Subject to the requirements of 11 U.S.C. §§ 507(a)(4) and (a)(5), upon the entry of this Interim Order, the Debtor is authorized to continue and/or modify the Employee Compensation in the ordinary course of business up to an amount of $_____, in the aggregate. The Debtor is further authorized to implement new programs, policies, and benefits, in the ordinary course of business during this Chapter 11 Case and without the need for further Court approval, subject to applicable law. For the avoidance of doubt, except as otherwise expressly set forth herein, nothing in this Order should be construed as authorizing any payments on account of the Employee Compensation that are outside the ordinary course of business without prior Court approval.

3. Nothing herein shall be deemed to authorize the payment of any amounts which violates or implicates section 503(c) of the Bankruptcy Code; *provided* that nothing herein shall prejudice the Debtor's ability to seek approval of relief pursuant to section 503(c) of the Bankruptcy Code at a later time.

4. Notwithstanding the relief granted in this Order and any actions taken in connection herewith, nothing in this Order shall be deemed: (a) an admission as to the amount of, basis for, or validity of, any claim against the Debtor under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtor's rights to dispute any claim; (c) an assumption, adoption, or rejection of any agreement, contract, or lease under section 365 of the Bankruptcy Code; (d) an admission as to the validity,

enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtor's estate; or (e) a waiver of any claims or causes of action which may exist against any entity.

5. The financial institutions on which checks were drawn or electronic payment requests made in payment of the obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such financial institutions are authorized to rely on the Debtor's designation of any particular check or electronic payment request as approved by this Order.

6. The Debtor is authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of this Chapter 11 Case with respect to amounts owed in connection with the Employee Compensation.

7. Notice of this Motion satisfies the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules for the Eastern District of Pennsylvania.

8. Rule 6003(b) of the Federal Rules of Bankruptcy Procedure has been satisfied.

9. Notwithstanding any applicability of Federal Rule of Bankruptcy Procedure 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order.

10. The Debtor is authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Order.

11. This Court shall retain jurisdiction to hear and consider all disputes arising from the interpretation or implementation of this Order.

Dated: _____, 2023

```
                                    _____
                                    HONORABLE MAGDELINE D. COLEMAN
                                    UNITED STATES CHIEF BANKRUPTCY JUDGE
```