# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>INT. ASSOC. OF SHEET METAL, AIR, RAIL & TRANSPORTATION WORKERS, TRANSPORTATION DIV., LOCAL 1594, [1]<br><br>Debtor. | Chapter 11<br><br>Case No. 23-11777-mdc |

**APPLICATION OF THE DEBTOR FOR AN ORDER (I) FIXING A BAR DATE FOR FILING PROOFS OF CLAIM AND (II) APPROVING THE BAR DATE ORDER, <u>NOTICE AND RELATED PROCEDURES</u>**

The above-captioned debtor and debtor-in-possession (the "Debtor") hereby applies (the "Application") to this Honorable Court for the entry of an order (i) establishing a bar date to file proofs of claim and (ii) approving the form and manner of notice thereof, and in support thereof, respectfully avers as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(a) and (b).

2. Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are 11 U.S.C. §§ 105(a), 501, 502 and 1111(a), and Rules 2002(a)(7), 3003(c)(3) and 5005(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

---

[1] If applicable, the last four digits of the taxpayer identification number of the Debtor is 6853 and the Debtor's address is 6938 Market Street, Second Floor, Suite 3, Upper Darby, PA 19082.

**BACKGROUND**

4. On June 16, 2023 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11, Subchapter V, of the Bankruptcy Code. Richard Furtek was appointed as the Subchapter V trustee by the United States Trustee's Office.

5. The scheduled 341 meeting of creditors was held and concluded on July 20, 2023.

**RELIEF REQUESTED**

6. By this Application, the Debtor seeks entry of an Order, a copy of which is attached hereto as and made a part hereof, pursuant to §§ 105, 501, 502 and 1111(a) of the Bankruptcy Code and Rules 2002(a)(7), 3003(c)(3) and 5005(a) of the Bankruptcy Rules:

   a. Except as otherwise stated in subparagraphs (b) and (c), establishing (the "General Bar Date") as the deadline for all persons and entities, other than a governmental unit (as defined in § 101(27)), holding or wishing to assert a claim, as defined in § 101(5) of the Bankruptcy Code, against the Debtor (individually, a "Claim" and collectively, the "Claims") to file a proof of such Claim in the Debtor's Chapter 11 case;

   b. Establishing the later of the General Bar Date or thirty (30) days after a claimant is served with notice that the Debtor has amended the Schedules, reducing, deleting, or changing the status of a scheduled claim of such claimant as the bar date for filing a proof of claim in respect of such amended scheduled claim (the "Amended Schedule Bar Date," with the General Bar Date, collectively the "Bar Dates"); and

   c. Approving the Debtor's proposed form and manner of notice of the Bar Dates.

7. The filing of proofs of claim in a Chapter 11 case is generally governed by Fed.R.Bankr.P. 3003(c)(3), which provides that the Court shall fix a bar date by which creditors are to file proofs of claim.

8. Fed.R.Bankr.P. 2002(a)(7) provides that at least twenty-one (21) days' notice by mail be given to the Debtor, the United States Trustee and all creditors of the bar date fixed by the Court within which proofs of claim shall be filed in this case.

9. Fed.R.Bankr.P. 3003(c)(2) provides that "Any creditor ... whose claim ... is not scheduled or scheduled as disputed, contingent, or unliquidated shall file a proof of claim ... within the time prescribed by subdivision (c)(3) of this rule; any creditor who fails to do so shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution."

10. In order for the Debtor to carry out the provisions of the Bankruptcy Code and to formulate a plan, it is desirable that the Debtor has the opportunity to review all claims of creditors not listed on the Schedules and all claims scheduled as disputed, contingent or unliquidated on the Schedules.

11. To this end, the Debtor requests that the Court set the Bar Dates for filing proofs of claim in this case.

12. The Bar Dates would apply to all persons or entities (each as defined in §§ 101(41) and 101(15), respectively, of the Bankruptcy Code), other than governmental units (as defined in § 101(27)), holding Claims against the Debtor (whether secured, priority or unsecured) that arose prior to the Petition Date, to file a proof of claim, including the following:

   a. Any person or entity whose Claim is listed as "disputed," "contingent" or "unliquidated" and that desires to participate in this Chapter 11 case or share in any distribution in this Chapter 11 case;

   b. Any person or entity whose Claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its Claim allowed in a classification or amount other than set forth in the Schedules; and

   c. Any person or entity whose Claim against the Debtor is not listed in the Schedules.

13. The Debtor proposes that the following persons or entities would not need to file

Proofs of Claim:

   a. Any person or entity (a) that agrees with the nature, classification and amount of such Claim set forth in the Schedules and (b) whose Claim against the Debtor is not listed as "disputed," "contingent" or "unliquidated" in the Schedules;

   b. Any person or entity that has already properly filed a Proof of Claim against the Debtor;

   c. Any person or entity asserting a Claim allowable under §§ 503(b) and 507(a)(l) of the Bankruptcy Code as an administrative expense of the Chapter 11 case; and

   d. Any person or entity whose Claim against the Debtor previously has been allowed by, or paid pursuant to, an order of the Bankruptcy Court.

14. The Debtor shall retain the right to: (a) dispute or assert offsets or defenses against any filed Claim or any Claim listed or reflected in the Schedules as to nature, amount liability, classification or otherwise; or (b) subsequently designate any Claim as disputed, contingent or unliquidated.

15. However, if the Debtor amends the Schedules to reduce the undisputed, non-contingent or liquidated amounts or to change the nature or classification of a Claim against the Debtor reflected therein, then the affected claimant shall have until the Amended Schedule Bar Date to file a proof of claim or to amend any previously filed proof of claim in respect of such amended scheduled Claim. Notwithstanding the foregoing, nothing set forth herein will preclude the Debtor from objecting to any Claim, whether scheduled or filed, on any grounds.

16. The Debtor proposes that, pursuant to Rule 3003(c)(2) of the Federal Rules of Bankruptcy Procedure, any person or entity that is required to file a proof of claim in this Chapter 11 case but fails to do so in a timely manner, should be forever barred, estopped and enjoined from: (a) asserting any Claim against the Debtor that such person or entity has that (i) is in an amount that exceeds the amount, if any, that is set forth in the Schedules, or (ii) is of a different nature or in a different classification (any such Claim referred to as an " Unscheduled Claim");

and (b) voting upon, or receiving distributions under, any plan in this Chapter 11 case in respect of an Unscheduled Claim.

17. The Debtor also seeks approval of the proposed form of "Notice of Deadline to File Proofs of Claim" attached hereto as Exhibit "A" (the "Bar Date Notice").

WHEREFORE, the Debtor respectfully requests that this Court enter the attached form of Order (i) establishing a bar date by which proofs of claim must be filed in this proceeding, (ii) approving the Bar Date Notice, (iii) requiring the Debtor's counsel to mail the Bar Date Notice and the Order to all creditors and parties in interest, and (iv) granting such other and further relief as this Court may deem just.

Dated: July 24, 2023                 GELLERT SCALI BUSENKELL & BROWN, LLC

*/s/ Holly S. Miller*
Holly S. Miller (No. 203979)
1628 John F. Kennedy Blvd, Suite 1901
Philadelphia, PA 19107
Telephone: (215) 238-0012
Facsimile: (215) 238-0016
Email: hsmiller@gsbblaw.com

*Counsel to the Debtor*