# EXHIBIT A

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:

INT. ASSOC. OF SHEET METAL, AIR, RAIL & TRANSPORTATION WORKERS, TRANSPORTATION DIV., LOCAL 1594, [1]

Debtor.

Chapter 11

Case No. 23-11777-mdc

## NOTICE OF DEADLINE TO FILE PROOFS OF CLAIM

TO ALL PERSONS OR ENTITIES WITH CLAIMS AGAINST THE DEBTOR, PLEASE TAKE NOTICE THAT:

    The Bankruptcy Court entered an Order in the Int. Assoc. of Sheet Metal, Air, Rail & Transportation Workers, Transportation Div., Local 1594 Chapter 11, Sub V case (the "Bar Date Order"), establishing **September 1, 2023,** as the general claims bar date (the "General Bar Date"). Except as described below, the Bar Date Order requires that any Claims (as defined herein) against the Debtor be filed with the Clerk of the United States Bankruptcy Court (the "Clerk's Office") by submitting a proof of claim to the following address: Clerk's Office, U.S. Bankruptcy Court for the Eastern District of Pennsylvania, Robert N.C. Nix, Sr. Building, Suite 400, 900 Market Street, Philadelphia, PA 19107, so that such proof of claim is **ACTUALLY RECEIVED on or before the General Bar Date, September 1, 2023**. Proofs of claim are deemed filed only when they are actually received by the Clerk's Office, and facsimile submissions will not be accepted.

    Pursuant to the Bar Date Order, all persons or entities, including, without limitation, individuals, partnerships, corporations, estates, trusts, and unions (individually, an "Entity") holding claims against the Debtor (whether secured, priority or unsecured) that arose prior to June 16, 2023, are required to file proofs of claim by the General Bar Date, unless otherwise provided herein.

    The following Entities must file a proof of claim on or before the General Bar Date, unless otherwise provided herein: (a) any Entity whose Claim is listed in the schedules of assets and liabilities (the "Schedules") as "disputed," "contingent" or "unliquidated" and who desires to participate in the Chapter 11 case or share in any distribution in the Chapter 11 case; (b) any Entity whose Claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its Claim allowed in a classification or amount other than that set forth in the Schedules; or (c) any Entity asserting a Claim that is not listed in the Schedules.

---

[1] If applicable, the last four digits of the taxpayer identification number of the Debtor is 6853 and the Debtor's address is 6938 Market Street, Second Floor, Suite 3, Upper Darby, PA 19082.

The following Entities do not need to file a proof of claim on or before the General Bar Date: (a) any Person or Entity (i) that agrees with the nature, classification and amount of such Claim set forth in the Schedules and (ii) whose Claim against the Debtor is not listed as "disputed," "contingent" or "unliquidated" in the Schedules; (b) any Person or Entity that has already properly filed a proof of claim against the Debtor; (c) any Person or Entity asserting a Claim allowable under §§ 503(b) and 507(a)(l) of the Bankruptcy Code as an administrative expense of the Debtor's Chapter 11 case; and (d) any Person or Entity whose Claim against the Debtor previously has been allowed by, or paid pursuant to, an order of the Bankruptcy Court. Entities should not file a proof of claim if such Entity does not have a Claim against the Debtor.

Any Entity whose Claims have been reduced, deleted or the status of which has been changed in connection with amendments to the Schedules must file a proof of claim in respect of such amended schedule claim on or before the later of: (a) the General Bar Date or (b) thirty (30) days after such Entity is served with notice that the Schedules have been amended.

Any Entity that is required to file a proof of claim but fails to do so in a timely manner, will be forever barred, estopped and enjoined from: (a) asserting any Claim against the Debtor that such entity has that (i) is in an amount that exceeds the amount, if any, that is set forth in the Schedules, or (ii) is of a different nature or in a different classification (in either case, an "Unscheduled Claim"); and (b) voting upon, or receiving distributions under any plan in this Chapter 11 case in respect of an Unscheduled Claim.

Neither the Debtor, his attorneys nor the Clerk's Office can advise you whether you should file a proof of claim. Nothing set forth in this bar date notice shall preclude the Debtor from objecting to any claim whether scheduled or filed, on any grounds.

Neither the Debtor's counsel nor the Bankruptcy Court Clerk's Office can give you legal advice. You may wish to consult an attorney to protect your rights.

Dated: July 24, 2023       GELLERT SCALI BUSENKELL & BROWN, LLC

*/s/ Holly S. Miller*
Holly S. Miller (No. 203979)
1628 John F. Kennedy Blvd, Suite 1901
Philadelphia, PA 19107
Telephone: (215) 238-0012
Facsimile: (215) 238-0016
Email: hsmiller@gsbblaw.com

*Counsel to the Debtor*