# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:

INT. ASSOC. OF SHEET METAL, AIR, RAIL & TRANSPORTATION WORKERS, TRANSPORTATION DIV., LOCAL 1594, [1]

Debtor.

Chapter 11

Case No. 23-11777-mdc

## ORDER ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM AND APPROVING FORM AND MANNER OF NOTICE

AND NOW, this _____ day of _____, 2023, upon consideration of the Application of the Debtor, Int. Assoc. of Sheet Metal, Air, Rail & Transportation Workers, Transportation Div., Local 1594 Pursuant to Bankruptcy Rules 2002(a)(7) and 3003(c)(3), for an Order (i) Fixing a Bar Date for Filing Proofs of Claim and (ii) Approving the Bar Date Order, Notice and Related Procedures (the "Application"), and after notice, it is hereby ORDERED that:

1. The Application is GRANTED;

2. Pursuant to Rule 3003(c)(3) and 5005(a) of the Federal Rules of Bankruptcy Procedure, except as set forth herein, all persons and entities other than a governmental unit (each as defined in §§ 101(41), 101(15) and 101(27), respectively, of the Bankruptcy Code), including, without limitation, individuals, partnerships, corporations, estates, trusts, and unions (individually, a "Creditor", and collectively, the "Creditors") holding or wishing to assert claims (as such term is defined in § 101(5) of the Bankruptcy Code) against the Debtor (individually, a "Claim", and collectively, the "Claims") are required to file a separate, completed and executed proof of claim

---

[1] If applicable, the last four digits of the taxpayer identification number of the Debtor is 6853 and the Debtor's address is 6938 Market Street, Second Floor, Suite 3, Upper Darby, PA 19082.

form (either in the form mailed to Creditors or otherwise conforming substantially to Official Bankruptcy Form B10), together with accompanying documentation (a "Proof of Claim") on account of any Claims such Creditor holds or wishes to assert against the Debtor so that the Proof of Claim is actually received by the Clerk's Office on or before **September 1, 2023** (the "General Bar Date") at the following address:

> Clerk's Office
> U.S. Bankruptcy Court for the
> Eastern District of PA
> Robert N.C. Nix, Sr. Building
> 900 Market Street, Suite 400
> Philadelphia, PA 19107

Facsimile submissions will not be accepted. Proofs of Claim shall be deemed filed only when actually received.

3. Proofs of Claim are not required, at this time, to be filed by any Creditor asserting a Claim of any of the types set forth below:

   a. any Creditor (a) that agrees with the nature, classification and amount of such Claim set forth in the Schedules and (b) whose Claim against the Debtor is not listed as "disputed", "contingent" or "unliquidated" in the Schedules;

   b. any Creditor that has already properly filed a Proof of Claim against the Debtor;

   c. any Creditor whose Claim against the Debtor previously has been allowed by, or paid pursuant to, an order of this Court; and

   d. any Creditor asserting a Claim allowable under §§ 503(b) and 507(a)(l) of the Bankruptcy Code as an administrative expense of the Debtor's Chapter 11 case.

4. The Debtor shall retain the right to: (a) dispute or assert offsets or defenses against any filed Claim or any Claim listed or reflected in the Schedules as to nature, amount, liability, classification or otherwise; or (b) subsequently designate any Claim as disputed, contingent

or unliquidated; provided, however, that if the Schedules are amended to reduce the undisputed, non-contingent or liquidated amounts or to change the nature or classification of a Claim against the Debtor reflected therein, then the affected claimant shall have until the Amended Schedule Bar Date to file a Proof of Claim or to amend any previously filed Proof of Claim in respect of such amended scheduled claim. The "Amended Schedule Bar Date" shall be the later of the General Bar Date or thirty (30) days after a claimant is served with notice that the Schedules have been amended to reduce the amount of, delete, or change the status of a scheduled claim of such claimant. Notwithstanding the foregoing, nothing set forth herein will preclude the Debtor from objecting to any Claim, whether scheduled or filed, on any grounds.

5. Any Creditor that is required to file a Proof of Claim in this Chapter 11 case but that fails to do so in a timely manner, shall be forever barred, estopped and enjoined from: (a) asserting any Claim against the Debtor that such creditor has that (i) is in an amount that exceeds the amount, if any, that is set forth in the Schedules, or (ii) is of a different nature or in a different classification (any such Claim referred to as an "Unscheduled Claim"), and (b) voting upon, or receiving distributions under, any plan in this Chapter 11 case in respect of an Unscheduled Claim; and the Debtor and his property shall be forever discharged from any and all indebtedness or liability with respect to such Unscheduled Claim.

6. The form of Notice of Deadline to File Proofs of Claim (the "Bar Date Notice"), attached to the Application as Exhibit "A", is approved. The Bar Date Notice shall be mailed by the Debtor by first class mail, postage prepaid, as soon as practicable, but in no event later than _____, 2023, to all known creditors holding potential pre-petition Claims.

7. The provisions for notice of the Bar Dates, as set forth in this Order, in the manner set forth herein, shall constitute adequate and sufficient notice of each of the Bar Dates and shall be

deemed to satisfy the requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court.

8. All Creditors that desire to rely on the Schedules with respect to filing a Proof of Claim in the Debtor's Chapter 11, Subchapter V case shall have the responsibility for determining that their Claims are accurately listed therein.

Dated:

                                              BY THE COURT:

                                              _____
                                              MAGDELINE D. COLEMAN
                                              CHIEF U.S. BANKRUPTCY JUDGE